# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY; KNIGHT SPECIALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 1:19-cv-01715-AWI-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(Doc. Nos. 8, 11, 25) |

## 1. Introduction

This is a contribution and subrogation lawsuit between insurance companies. Plaintiff United Specialty Insurance Company ("USIC") and Plaintiff Knight Specialty Insurance Company together filed this lawsuit against Defendant Clarendon National Insurance Company ("Clarendon" or "Defendant"). Plaintiffs alleged, first, that they expended over $75,000 to defend and indemnify their insureds against hundreds of construction defect claims and lawsuits and, second, that Defendant is a co-insurer of the insureds. Based on these allegations, Plaintiffs claim that they are entitled to equitable contribution and equitable subrogation from Defendant.

In their complaint, Plaintiffs assert that the Court has subject-matter jurisdiction over this lawsuit because "there is complete diversity of citizenship among the parties to this action." Doc. No. 1. Defendant disagrees with this assertion, and on that basis, Defendant moved the Court to dismiss this lawsuit for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. No. 26. Defendant's motion is now before the Court, and because the Court concludes that there is a lack of complete diversity, the Court will grant Defendant's motion.

/ / /

## 2. Analysis

**A.  Defendant's arguments.**

Defendant argues that complete diversity did not exist when Plaintiffs filed this lawsuit on December 9, 2019, because both Defendant and USIC were citizens of Texas at that time. Defendant relies on the following evidence to prove that Defendant was a citizen of Texas when Plaintiffs filed this lawsuit. First, Defendant's attorney, Paul Amirata, declared that in or around February 2019, the Texas Department of Insurance approved Defendant's request to redomesticate from Illinois to Texas. Second, Amirata declared that Defendant has been domiciled in Texas ever since redomesticating from Illinois in or around February 2019. Third, the Texas Department of Insurance provided a letter to Defendant, dated February 8, 2019, that states that Defendant's application to redomesticate from Illinois to Texas is approved. Fourth, screenshots from multiple websites, including websites for the California Secretary of State and the California Department of Insurance, state that Defendant is domiciled in Texas.

Defendant relies on the following evidence to prove that USIC is headquartered in Texas, which in turn proves that USIC is a citizen of Texas. First, in a recent federal lawsuit filed by USIC in the United States District Court for the District of Colorado, USIC alleged in a court filing, dated May 13, 2020, that USIC "is incorporated under the laws of the state of Texas, with its principal place of business located at Bedford, Texas." See Doc. No. 27-4. Second, screenshots from multiple websites, including websites for the Texas Department of Insurance and the National Association of Insurance Commissioners, identify USIC's address as 1900 L Don Dodson Drive, Bedford, Texas.

**B.  Plaintiffs' arguments.**

Plaintiffs argue that the Court must deny Defendant's motion to dismiss for two reasons. First, Defendant failed to prove that there was a complete lack of diversity when Plaintiffs filed this lawsuit on December 9, 2019. Second, the insurance policies at issue were not issued by Defendant but, instead, were issued by Defendant's predecessor, Companion Property & Casualty Insurance Company and Companion Specialty Insurance Company (collectively "Companion"). Plaintiffs assert that after Companion issued the relevant insurance policies, Defendant acquired

and merged with Companion, which means that Defendant is the successor in interest to Companion. According to Plaintiffs, this is important for purposes of diversity because "it is entirely likely that the proper defendant to this lawsuit is Companion, and Clarendon could be dropped as an unnecessary party," and "it is proper to grant leave to [Plaintiffs] to engage in jurisdictional discovery as to these issues, which could lead to the amendment of the caption or dropping of unnecessary parties in order to properly maintain this action in this court." Doc. No. 32. Stated slightly differently, Plaintiffs argue that the Court should not determine whether it has diversity jurisdiction at this time but, instead, the Court should permit Plaintiffs to use this lawsuit to discover whether they sued the wrong party, which in turn will likely result in Plaintiffs attempting to add Companion to and drop Defendant from this lawsuit.

**C.      Legal standard.**

It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction unless the contrary affirmatively appears. A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968 (9th Cir. 1981). The plaintiff has the burden to establish that subject-matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250; In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).

Article III, § 2 of the Constitution vests the federal judiciary with jurisdiction over "controversies . . . between Citizens of different states." U.S. Const. art. III, § 2. Further, Congress authorized federal district courts to have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). This type of subject-matter jurisdiction is called "diversity jurisdiction."

Rule 12(b)(1) allows for a motion to dismiss based on lack of subject-matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond

3

the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant makes a factual challenge by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the jurisdictional issue and the merits of the case are not factually completely intermeshed or intertwined, the court may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, including resolving factual disputes when necessary. St. Clair v. Chico, 880 F.2d 199, 201-02 (9th Cir. 1989); Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Berardinelli v. Castle & Cooke, Inc., 587 F.2d 37, 38-39 (9th Cir. 1978); 5B Wright & Miller, Federal Practice and Procedure: Civil 3d ' 1350 (2004); see also T.L. v. United States, 443 F.3d 956, 961 (8th Cir. 2006).

**D.      Discussion.**

The Court concludes that it lacks diversity jurisdiction because both Defendant and USIC were citizens of Texas when Plaintiffs filed this lawsuit. Two rules are applicable here. First, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Second, "subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing Mollan v. Torrance, 22 U.S. 537 (1824) (stating that jurisdiction "depends upon the state of things at the time of the action brought")).

Here, when Plaintiffs filed this lawsuit on December 9, 2019, Defendant was a citizen of Texas. The aforementioned letter from the Texas Department of Insurance, dated February 8, 2019, and the declaration of Defendant's attorney, Paul Amirata, sufficiently prove this point. Additionally, Plaintiffs failed to offer competing evidence. As for USIC's citizenship, the parties

4

agree that USIC was a citizen of Texas as of December 9, 2019.  Therefore, because "[c]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side," Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008), the Court lacked diversity jurisdiction when Plaintiffs filed this lawsuit.

The Court is not persuaded by Plaintiffs' argument that the Court should not determine its subject-matter jurisdiction at this time but, instead, should permit Plaintiffs to conduct discovery in this lawsuit.  First, Plaintiffs' argument contravenes Rule 12(h)(3), which plainly states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Second, and unsurprisingly in light of Rule 12(h)(3), Plaintiffs failed to cite any authority that supports the proposition that a federal district court may abstain from dismissing a lawsuit after the court concludes that it lacks subject-matter jurisdiction.  Plaintiffs cited to Hayashi v. Red Wing Peat Corp., 396 F.2d 13, 14 (9th Cir. 1968), which Plaintiffs say stands for the proposition that "limited discovery of factual matters may be allowed if it can help resolve issues of fact presented on a motion to dismiss on jurisdictional grounds."  Doc. No. 32 at 4.  Plaintiffs' characterization of Hayashi is inaccurate and misleading: Hayashi dealt with a motion to dismiss for reasons related to venue, not subject-matter jurisdiction.

Third, Plaintiffs' argument about Defendant not being a real party in interest is unavailing.  Plaintiffs' argument hearkens to the rule that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980) (citations omitted).  The result of this rule is that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Id. at 461 (citations omitted).  Relying on these rules, Plaintiffs try to argue that Defendant is not a real party in interest and, therefore, the Court should ignore Defendant's citizenship for purposes of determining diversity jurisdiction.  The Court rejects Plaintiffs' argument because the allegations and claims in the complaint are directed squarely towards Defendant.  For example, Plaintiffs allege and claim that Defendant — and only Defendant — is liable for failing to provide a contractually-obligated defense and indemnification

to its insureds. Thus, Plaintiffs' allegations and claims do not demonstrate that Defendant is a "nominal" or "formal" party.

Because the Court lacks diversity jurisdiction, the Court will dismiss this lawsuit.

**E.     Request for judicial notice.**

Defendant requests that the Court take judicial notice of several government public records that Defendant obtained from the internet. See Doc. No. 27. Defendant's request is granted as to the following exhibits: Doc. No. 27-1; Doc. No. 27-2; 27-3; Doc. No. 27-4; Doc. No. 27-5; Doc. No. 27-7; Doc. No. 36-1; Doc. No. 36-2; Doc. No. 36-3; Doc. No. 36-4; Doc. No. 36-5; Doc. No. 36-6; Doc. No. 36-7; Doc. No. 36-8; and Doc. No. 36-9. See Fed. R. Civ. P. 201; L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011). It is not clear to the Court that the exhibits in Doc. No. 27-6 and Doc. No. 36-10 are government public records.

**F.     Moot motions.**

In addition to Defendant's Rule 12(b)(1) motion to dismiss, there are other pending motions in this lawsuit: namely, Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim, Doc. No. 8, and Defendant's motion to sever, Doc. No. 11. Because the Court lacks subject-matter jurisdiction over this lawsuit, these other motions are moot and will be denied on that basis.

# ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, Doc. No. 25, is GRANTED;
2. Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim, Doc. No. 8, and Defendant's motion to sever, Doc. No. 11, are DENIED as moot;
3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   September 22, 2020                              _____
                                                              SENIOR DISTRICT JUDGE